UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22310

PATRICIA WOHLGEMUTH,

    Plaintiff,

vs.

CHANDI GROUP, INC.,
TULSI CHANDIRAMANI, and
SHEILA CHANDIRAMANI,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Patricia Wohlgemuth, sues Defendants, Chandi Group, Inc., Tulsi Chandiramani, and Sheila Chandiramani, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Patricia Wohlgemuth**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Chandi Group, Inc.,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its jewelry business in this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

6.     **Defendant, Tulsi Chandiramani,** was at all material times a resident of this

1

District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Sheila Chandiramani**, was at all material times a resident of this District; she was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. She also ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

14. Defendants have been at all times material engaged in interstate commerce in the course of their marketing, sale, and transmission of jewelry, goods, materials, supplies, and equipment that have all moved through interstate commerce

15. In particular, Defendants own and operate a company , Chandi Group, Inc., that sells jewelry and precious materials that travel in interstate commerce.

16. The individual Defenants, Tulsi Chandiramani, and Sheila Chandiramani and also owned/operated a now dissolved company, Chandi Group Brickell, LLC, that also sold jewelry and precious metals that likewise traveled in interstate commerce.

17. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

18. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

19. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

20. Plaintiff worked for Defendants, Tulsi Chandiramani, and Sheila Chandiramani, from February 1, 2005 to January 21, 2020. During part of this time Plaintiff also worked for

3

Chandi Group Brickell, LLC, and for the remainder of the time she worked for Chandi Group, LLC.

21. Defendants coordinated their merchandise, staffing, and efforts so as to operate as a single "enterprise" during Plaintiff's employment with them.

22. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

23. Plaintiff would regularly and routinely receive merchandise that arrived from outside of the State of Florida to be then (re)sold at Defendants' store(s), she regularly and routinely utilized the internet in her work, she regularly and routinely conducted business on the telephone with persons located outside of the State of Florida, and she regularly and routinely sold merchandise that traveled outside of the State of Florida.

24. Plaintiff worked for Defendants in their two jewelry stores selling merchandise, cleaning, making repairs, and doing other functions for Defendants from February 1, 2005 to January 21, 2020.

25. These other functions would include conducting personal errands for the individual Defendants.

26. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in Defendants' exclusive custody.

27. Defendants paid Plaintiff a salary of $31,000 per year.

28. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

### *Liability*

29.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for all of the hours that she worked over 40 hours in a given workweek.

30.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period by paying Plaintiff for up to 40 hours each week without paying her overtime wages for any of the overtime hours she worked.

31.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours beyond 40 in a workweek during the relevant time period violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff of the overtime pay earned.

32.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours she worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Patricia Wohlgemuth, demands the entry of a judgment in her favor and against Defendants, Chandi Group, Inc., Tulsi Chandiramani, and Sheila Chandiramani, jointly and severally after trial by jury, and as follows:

    a.     That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.     That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Patricia Wohlgemuth, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of June 2020,

                              s/Brian H. Pollock, Esq.
                              Brian H. Pollock, Esq. (174742)
                              brian@fairlawattorney.com
                              FAIRLAW FIRM
                              7300 North Kendall Drive
                              Suite 450
                              Miami, FL 33156
                              Tel:   305.230.4884
                              *Counsel for Plaintiff*